IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT RAAB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:10-cv-00186-PCE-MRA |
| ) | |
| NEW ENGLAND FINANCIAL, ) | JUDGE: PETER C. ECONOMUS |
| PROVIDENT LIFE AND ACCIDENT ) | MAGISTRATE JUDGE: MARK R. ABEL |
| INSURANCE CO., and ) | |
| UNUM GROUP, as successor-in-interest ) | |
| of UNUMPROVIDENT CORP, ) | |
| ) | |
| Defendants. ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| ) | |
| ) | |
| ) | |

    This Order shall govern the use and disclosure of all Confidential Information produced by or on behalf of the parties,[1] any third party, or any person associated with the parties in any deposition, interrogatory, request for admission, document production or any other discovery proceeding or exchange of information in this action.

    1.    As used in this Order, "Confidential Information" means all documents and other material or information containing confidential financial or business information and designated as "Confidential" by the party producing the information, or the party that originated the information. The special treatment accorded documents designated "Confidential" in this Order shall reach all copies of such documents, any deposition transcript or exhibit, or portion thereof, that discusses such documents and any portion of any discovery answer or response, affidavit,

---

[1] The parties include The Paul Revere Life Insurance Company, which administers the individual disability-income policies at issue in Plaintiff's Amended Complaint.

declaration, brief, or other paper, filed with the Court, or as an exhibit to such paper that discusses such documents.

2. A party producing Confidential Information in response to a discovery request or otherwise for use in this litigation shall designate the information as **"Confidential"** or with a substantially similar designation.

3. Documents and other tangible items shall be designated as Confidential at the time the documents are produced and by a stamp or some other label on the documents or items.

4. Deposition transcripts may be designated as Confidential on the record at the time the testimony is given, or within fifteen (15) days after receiving a deposition transcript, by designating portions of the transcript, or exhibits to it, as being "Confidential". Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlying the portions of the pages that are confidential and stamping such pages as "Confidential". Until the expiration of the fifteen (15) day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition subject to any challenge to "Confidential" designation. If Confidential Information is to be used at a deposition, the deposition will be closed to all individuals except those permitted to have access to the Confidential Information as provided in this Order.

5. Interrogatory answers and responses to requests for admissions may be designated as Confidential by placing a statement in the answers or responses specifying that the answers or

responses or specific parts thereof are designated Confidential.  In addition, the designating party shall place the following legends on the front of any set of interrogatory answers or responses to requests for admission containing Confidential information:  "CONTAINS CONFIDENTIAL INFORMATION" and "Designated parts not to be used, copied or disclosed except as authorized by Court Order."

6. Electronic Data may be designated as Confidential in a cover letter identifying the information generally.  When feasible, counsel for the designating party will also mark the electronic or magnetic media with the appropriate designation.  Whenever any party to whom Electronic Data designated as Confidential ("Confidential Electronic Data") is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the appropriate legend.  Whenever any Confidential Electronic Data is copied into another file, all such copies shall also be marked Confidential as appropriate.  "Electronic data" means any electronically stored or recorded information in its native format (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).

7. To the extent that any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated Confidential, that party must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

8. All of Defendants' claims manuals, claims procedures and personnel training material produced in this case shall be stamped by the Defendants as "Confidential" documents [hereinafter "Confidential Procedures/Training Documents"].

9. Any document filed of record with the Court that quotes, either in whole or in part, from the Confidential Procedures/Training Documents – whether a pleading, motion, memorandum of law, exhibit or similar document – shall be filed under seal in a separate sealed envelope or other appropriate sealed container as identified in paragraph 17. Such sealed envelopes or containers shall not be opened by anyone other than the Court, except upon order of the Court, and shall be returned to the party filing them upon termination of the proceedings in this case. Counsel for the parties may open such sealed envelopes subject to the provisions of this Order.

10. Neither the Confidential Procedures/Training Documents nor any document that quotes, either in whole or in part, from the Confidential Procedures/Training Documents shall be disclosed by any party, its counsel, or "persons involved in this litigation" to any entity that is directly or indirectly (through a parent – subsidiary relationship or otherwise) engaged in the business of providing disability insurance coverage or acting as an administrator or service provider for such an entity [hereinafter "Defendants' Competitors"].

11. This Order does not restrict the Defendants from using the Confidential Procedures/Training Documents in connection with any claims for insurance benefits which is pending, from producing the Confidential Procedures/Training Documents in connection with other litigation or regulatory matters to the extent required by applicable law, or from otherwise using the Confidential Procedures/Training Documents in any manner consistent with the Defendants' privacy policies.

12. No person receiving Confidential Information pursuant to the terms of this Order shall make any use of the Confidential Information except solely for the purpose of prosecuting or defending claims in this action, including any appeals or post decree matters or as described in paragraphs 11 and 13.

13. Except upon further Order of the Court or by express written consent of counsel of record, Confidential Information may only be disclosed to the following individuals:

(a) Litigation counsel of record for the parties to this action, including other attorneys in that firm and paralegals, office clerks, secretaries and clerical or support personnel employed or retained by Litigation counsel, but only if:

(i) it is necessary to disclose the Confidential Information to them for purposes of this action;

(ii) they are not parties or affiliates of any party or competitors or vendors of any party;

(iii) they are not officers, directors or employees of parties, or affiliates of parties, or of competitors or vendors or customers of parties; and,

(iv) they are under the supervision and control of litigation counsel.

(b) The Court in this action, or any other court having jurisdiction over discovery procedures in the action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction service.

(c) Consulting experts or testifying expert witnesses, their associates, assistants, and other personnel employed directly by the experts who submit to the jurisdiction of this Court and who acknowledge and agree to be bound by the terms of this Order. The experts shall execute an acknowledgment substantially in the form attached as Exhibit A to this Order

5

before being given access to the Confidential Information. A party may not disclose Confidential Information to experts unless:

       (i)     it is necessary to disclose the Confidential Information to them for purposes of this action;

       (ii)    they are not parties or affiliates of any party; and

       (iii)   they are not officers, directors or employees of parties, or affiliates of parties, or of competitors or vendors or customers of parties;

(d) The author, addressee or any other person identified in the document as a prior recipient of the Confidential Information.

14. Except upon further Order of the Court or by express written consent of counsel of record, Confidential Information designated as Confidential may only be disclosed to the following individuals:

(a) The parties to this action, but only to the extent disclosure is required for the prosecution or defense of this action as determined by counsel in good faith.

15. The recipient of any Confidential Information that is provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area; shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information; and shall not reveal, discuss or disclose such Confidential Information in any manner, in any form, to any person or entity other than as provided in this Order.

16. Unless otherwise ordered by the Court, any Confidential Information filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words

"CONFIDENTIAL INFORMATION" and "SUBJECT TO COURT ORDER" and words in substantially the following form:

> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court dated _____, 2010, shall not be opened nor its contents displayed or revealed except as provided in that Order or by further Order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential Information and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which are Confidential Information shall be filed under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding Judge, the presiding Judge's law clerks and other Court personnel without further order of the Court.

Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

17. Documents designated as "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided such "Confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with paragraph 17 of this Order.

18. Documents designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this

7

litigation, provided that when using "Confidential" documents in Court, counsel for the party using the "Confidential" documents shall , confer in good faith to attempt to agree upon a method to protect such Confidential Information and insure against inadvertent disclosure of the "Confidential" documents to persons not subject to this order.  If the parties are unable to reach agreement, the party opposing the use of such Confidential Information may seek a Court order protecting such Confidential Information during trial.  The parties agree to abide by the terms of this Order pending resolution by the Court of any dispute unless the Court does not resolve such dispute prior to the commencement of trial.

19.     If any party desires that materials, which are or contain Confidential Information be filed with the Court, that party shall give opposing counsel ten (10) days notice.  Thereafter, any party objecting to said filing may file a motion requesting that the papers be filed under seal and shall submit these papers to the undersigned Judge in chambers.  The Court will review the documents *in camera* in order to determine if they meet the criteria for ordering them sealed.  In the event the Court determines that the papers may not be sealed, they will be returned to the party filing the motion.  If the papers are sealed, they will be maintained by the Clerk under seal for thirty (30) days after the final conclusion of this litigation, including all appeals, at which time they will be unsealed unless the proper party requests their return prior to that time.  In that event, the papers will be returned to that party.

20.     The use of any Confidential Information in any Court proceeding in this litigation, any proceeding related to this litigation, or any appellate proceeding with respect to this litigation shall not lose its confidential status.  Any person so using Confidential Information shall take all reasonable steps to protect its confidentiality during such time.

21. If any party to this litigation disagrees with the propriety of a "Confidential" designation, then the party may challenge the designation by notifying the designated party within thirty (30) days of receipt of the document, information or tangible item. The written notice must specifically identify the challenged documents, information or tangible items by bates numbered pages where available. The designating party must then seek a protective order from the Court for such documents, information or tangible items. Failure to file a Motion for Protective Order within fourteen (14) days of receiving the notification of a party's challenge to the designation shall cause such documents, information or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden of proving the documents, information or tangible items contain information appropriately subject to a Protective Order under Rule 26(C) of the Ohio Rules of Civil Procedure. The filing of a Motion for Protective Order by the designating party within the time limit set forth shall preserve the designation of said documents or items until a ruling by this Court on the Motion for Protective Order.

22. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Information by the party producing that information or to prevent any party from interposing an objection to a request for discovery.

23. "Confidential" documents produced by any party in response to discovery requests served after the filing of the Complaint and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

24. Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) additional protection

for specific items of Confidential Information; or (ii) relief from the provisions of this Order with respect to specific items or categories of Confidential Information.

25. By stipulating to this Order, the parties do not waive any applicable privileges, and reserve their right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges. In the event of an inadvertent production of any document, material or information claimed to be protected by the attorney-client privilege, work product doctrine, and/or any other applicable protection or privilege, the following procedures shall be followed: The designating parties shall make written demand upon the receiving party to return such inadvertently produced documents, materials or information. Upon demand by the designating party, all such documents, material or information and any copies, duplications, extracts, and summaries thereof shall be returned to the designating party within three business days. The designating party shall maintain the specified documents, material or information for *in camera* inspection by the Court should a motion to compel production be filed.

26. All parties and attorneys of record in this action, and all other persons and entities possessing or granted access to Confidential Information pursuant to this Order shall be bound by this Order.

27. The provisions of this Order shall continue to apply to all "Confidential" documents and information after this suit has been terminated. Upon termination of this suit, including all appeals, the parties shall return all "Confidential" documents to the producing party. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

28. All Confidential Information is exempt from disclosure under state or federal Public Records Acts. All such material filed with the Court or its agents and designated by the

parties as exempt from disclosure shall be maintained by the Court or its agents separate from public records.  Nothing in this Section shall be construed as preventing the Court or its agents from abiding by the terms of any applicable Public Records Act with respect to any Confidential Information which is not exempt from the definition of public records.

29.     The parties agree to be bound by the terms of this Stipulated Protective Order pending entry of an order by the Court or in the event there is no order of the Court.  Any violation of the terms of this Stipulated Protective Order shall be subject to Court-imposed sanctions or, if the Order is not entered, the same sanctions and penalties as if the Order had been entered by the Court.

Approved and entered this 2d day of December 2010.

s/Mark R. Abel
U.S. MAGISTRATE JUDGE ABEL

STIPULATED AND AGREED TO:

| | |
|---|---|
| Brett K. Bacon (0022826) | David A. Bryant (Pro Hac Vice) |
| bbacon@frantzward.com | dabryant@ddbchicago.com |
| Olivia Lin (0085476) | DALEY, DEBOFSKY and BRYANT |
| olin@frantzward.com | 55 W. Monroe St. Ste. 2440 |
| FRANTZ WARD LLP | Chicago, Illinois 60603 |
| 127 Public Square | |
| 2500 Key Center | Stanley L. Myers |
| Cleveland, Ohio 44114 | slm000@aol.com |
| (216) 515-1660 | STANLEY L. MYERS, LLC |
| (216) 515-1650 (facsimile) | 633 Eagle Ridge |
| | Powell, Ohio 43065 |
| Attorneys for Defendants | Attorneys for Plaintiff |