**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT RAAB,**<br>　　　　**Plaintiff,**<br>　v.<br>**NEW ENGLAND FINANCIAL,** *et al.***,**<br>　　　　**Defendants.** | **Case No. 2:10CV186**<br>**Judge Peter C. Economus**<br>**MEMORANDUM OPINION AND ORDER** |

　　　　This matter is before the Court for consideration of Defendants' Motion to Compel Plaintiff's Attendance at Court-Ordered Independent Medical Examinations ("Motion to Compel"). (Dkt. 18.)

**I. BACKGROUND**

　　　　This case is an insurance dispute, which was removed from state court on March 1, 2010. The insurance policies relevant to this case ("Policies") each contain a provision providing: "At Our expense, We can have a Physician of Our choice examine You as often as reasonably required while Your claim is continuing." (Dkt. # 18, Ex. E at 16, Ex. F at 12.)

　　　　On May 12, 2010, the Magistrate Judge issued a Preliminary Pretrial Order ("Pretrial Order"), which included the following reference to medical examinations:

> Paul Revere's counsel said that the appeal of the denial of Raab's January 2003 claim is still pending.  Paul Revere will send Raab and his attorney a letter advising him of the date of the exam and the examiner. The doctor's schedule permitting, the exam will be within the next 60 days.

(Dkt. # 13 at 3.)

　　　　In 2005, Plaintiff submitted for two medical examinations.  The first was conducted by a psychologist on May 4, 2005 and the second was conducted by a psychiatrist on May 23, 2005. (Dkt. # 21 at 2.)  On June 28, 2010, Defendants notified Plaintiff they had scheduled two

additional medical examinations—with a psychologist on July 19, 2010 and a psychiatrist on August 4, 2010.  (Dkt. # 18, Ex. B.)  On July 16, 2010, Plaintiff's counsel informed Defendants by letter that Plaintiff was "declining to be examined."  (Dkt. # 18, Ex. C.)  In their Motion to Compel, Defendants now move for the Court to order Plaintiff's attendance at the two independent medical examinations Plaintiff failed to attend.

## II. ANALYSIS

Defendants advance two arguments why Plaintiff's attendance at the examinations should be compelled: (1) the Pretrial Order requires Plaintiff be examined, and (2) the Policies state that Defendants can, at their election, examine an insured as often as they like during the pendency of a claim.

### A. Preliminary Pretrial Order

The Pretrial Order does not support compelling Plaintiff's attendance.  While the Pretrial Order makes reference to medical examinations in a section entitled "Allegations in the pleadings," this section simply summarizes the parties' positions from their pleadings, as well as statements their counsel made at the pretrial conference regarding the status of the case.  (Dkt. # 13 at 3.)  In other words, this section is simply a recitation of what Defendants' counsel stated to the Magistrate Judge.  Therefore, the Magistrate Judge did not *order* Plaintiff to submit to medical examinations at that time.

### B. Insurance Policies

The Policies at issue in this case are clear and unambiguous regarding medical examinations.  The Policies state that Defendants can have a physician of their choice examine Plaintiff as often as reasonably required while Plaintiff's claim is continuing.  Plaintiff advances three general arguments why he should nevertheless be excused from submitting to any further

medical examinations: (1) Plaintiff has already submitted to two previous medical examinations, (2) Defendants have materially breached the Policies and have thus forfeited their right to additional examinations, and (3) two additional examinations would be unreasonable.

### 1. Prior Medical Examinations

Plaintiff first argues that because he was required to submit to medical examinations on May 4, 2005 and May 23, 2005, he should not be required to attend additional examinations. However, the language of both Policies is explicit and provides that Plaintiff must submit to medical examinations: "as often as reasonably required while [Plaintiff's] claim is continuing." Defendants state that they are continuing to assess Plaintiff's eligibility for benefits under Plaintiff's claim filed in 2003. (Dkt. # 22 at 3 n.4.) Because over five years have passed since the last medical examination, the Court finds that one additional examination by a psychologist and one additional examination by a psychiatrist would be reasonable and called for under the terms of the Policies.

### 2. Repudiation

Plaintiff next argues that Defendants have materially breached the Policies and Plaintiff is therefore excused from performing his contractual obligations, including submitting to additional medical examinations. "Repudiation by one party, to be sufficient in any case to entitle the other to treat the contract as absolutely and finally broken . . . must at least amount to an unqualified refusal, or declaration of inability, substantially to perform according to the terms of his obligation." *Mobley v. New York Life Insurance Co.*, 295 U.S. 632, 638 (1935). However, "mere refusal, upon mistake or misunderstanding as to matters of fact or upon an erroneous construction of [a] disability clause does not amount to a renunciation or repudiation of the policy." *Id.* Whether Plaintiff has breached the Policies is a determination more appropriately

made in a later stage of this litigation. However, at this juncture, Plaintiff has presented no evidence that Defendants have failed to act in good faith by denying Plaintiff benefits according to their interpretation of the Polices.

### 3. Reasonableness

The Court rejects Plaintiff's arguments that additional medical examinations would be unreasonable. As discussed above, over five years have passed since Plaintiff submitted for the first two examinations. While the parties dispute the intended purpose of the examinations, the Court finds that two additional medical examinations, to assist the Defendant in making an informed decision regarding the validity of Plaintiff's claims, are not unreasonable.

Finally, the Court finds that the "mend the hold" doctrine does not apply to the facts presented in this case. According to the doctrine, "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration." *Davis v. Wakelee*, 156 U.S. 680, 690-91 (1895); *Life Care Centers of America, Inc. v. Charles Town Associates L.P.*, 79 F.3d 496, 508 (6th Cir. 1996). Plaintiff argues that "a party who conjures up an untenable defense to the performance of his contractual duties and then when that defense fails (at some expense to the other party) tries on another defense for size cannot properly be said to be acting in good faith." (Dkt. # 21 at 5.) However, Plaintiff has not sufficiently shown how Defendants have changed, or are likely to change, their defense to performance. Nor is such a lack of good faith apparent from the record.

## III. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** Defendant's Motion to Compel Plaintiff's Attendance at Court-Ordered Independent Medical Examinations ("Motion to

4

Compel"). (Dkt. 18.) The Court **ORDERS** that Plaintiff shall submit for one additional examination by a psychologist and one additional examination by a psychiatrist by May 31, 2011.

Furthermore, as the Court finds that the Magistrate Judge did not explicitly order additional medical examinations in its Preliminary Order, Defendants' request for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus  -  March 17, 2011**
**UNITED STATES DISTRICT JUDGE**
